J-S33033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS MCKEITHAN | : | |
| | : | |
| Appellant | : | No. 427 EDA 2021 |

Appeal from the PCRA Order Entered January 25, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0101441-1983

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 4, 2022**

Dennis McKeithan appeals from the denial of his petition for relief under the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. He argues that the PCRA court erred by dismissing his petition as untimely. We affirm.

A jury convicted McKeithan of five counts of robbery, one count of conspiracy, and one count of possessing an instrument of crime. The trial court sentenced him to an aggregate term of 57 to 115 years' incarceration. We affirmed the judgment of sentence and McKeithan did not file a petition for allowance of appeal to our Supreme Court. **See Commonwealth v. McKeithan**, 496 A.2d 852 (Pa.Super. filed May 10, 1985) (unpublished memorandum).

McKeithan filed the instant counseled petition, his sixth, seeking in the alternative a reversal of his convictions, vacation of his sentence, or the grant

of a new trial. PCRA Petition, filed 8/30/19. He acknowledged the untimeliness of the petition and raised both the governmental interference and unknown fact time-bar exceptions. *Id.* at 29. For the governmental interference exception, McKeithan alleged the Commonwealth presented perjured testimony, withheld exculpatory evidence, and committed prosecutorial misconduct by presenting perjured testimony. *Id.* at 29-30. For the unknown fact exception, he alleged that the Commonwealth's star witness, Jean Wilson, committed perjury. *Id.* at 31.

Regarding Jean Wilson's testimony, McKeithan alleged that he raised the claim within one year of learning this information, as Wilson was interviewed on May 31, 2018. *Id.* at ¶ 111. He also maintained that he was diligent in contacting Wilson. He alleged that "[w]hen he learned from a fellow parishioner that she was a member of a Philadelphia church he wrote to the pastor. He attempted to have outside supporters call and reach Wilson for an interview." *Id.* at ¶ 112. McKeithan does not specify when he learned of this information from the parishioner. He did allege that investigators contacted Wilson in January 2018 and she eventually agreed to be interviewed in May 2018. *Id.* She also signed an affidavit in August 2018. A portion of Wilson's affidavit is below, in which she claimed that she was pressured to identify McKeithan as a participant in the robbery and that her trial testimony was not correct.

> The police and the prosecution asked me to identify Dennis McKeithan as one of the individuals who came into the bar and robbed the bar and the patrons. I had repeatedly told

- 2 -

them that [McKeithan] did not rob the bar and that he was not in the bar during the robbery. However, they kept on telling me that he was there and showing me pictures. They kept on and on.

All of this pressure confused me. Since [McKeithan] was sitting at the defense table at trial, it seemed like I had to name him as a robber. So, I did identify him as a robber at trial.

However, my testimony at trial was not correct. Dennis McKeithan was not in the Sweet Love Lounge that night. I did not see him during the robbery. He was not one of the robbers.

*Id.* at Exhibit B (Wilson Affidavit), dated 8/22/18, at ¶¶ 8-10.

On March 4, 2020, McKeithan filed an amended PCRA petition with permission of the court, alleging new evidence from Derrick Harold, his co-defendant, and Robin Fears, a trial witness. He attached statements from both. *See* Amended PCRA Petition, filed 3/4/20, at Exhibit S (Harold Statement, dated 8/25/19) and T (Fears Statement, dated 9/2/19), respectively. He noted that his *pro bono* team initially contacted Harold in the Summer of 2019 "after an intensive internet search[.]" Amended PCRA Petition at ¶ 136. McKeithan stated that Harold gave a statement on August 25, 2019, after being contacted by McKeithan's attorneys. *Id.* at ¶ 119. In his statement, Harold alleged that McKeithan was not at the Sweet Love Lounge and had no part in the robbery. Harold Statement, at ¶ 4. He also stated that he was brought to the courthouse to testify in McKeithan's case but was not called to testify. *Id.* at ¶ 14.

Regarding Fears, McKeithan stated that after his attorneys contacted her on September 3, 2019, Fears gave a statement. Amended PCRA Petition at ¶ 121. Fears' statement read that she "may have been confused about the identification of [McKeithan] as a robber." Fears Statement at ¶14. Additionally, her statement read that "because everyone was saying that it was him Dennis Solo McKeithan, I assumed it was him." *Id.* at ¶ 15.

The Commonwealth filed a motion to dismiss the petition as untimely. The PCRA court filed a notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907 and ultimately denied McKeithan's petition, concluding that it was untimely and that he failed to satisfy any time-bar exception. This timely appeal followed.

McKeithan raises the following issues:

> I. Whether the PCRA Court erred in dismissing Mr. McKeithan's petition as untimely filed on its face when Mr. McKeithan properly pleaded that he had met the government interference exception to the timeliness requirement under § 9545(b)(1)(i)?
>
> II. Whether the PCRA Court erred in dismissing Mr. McKeithan's petition as untimely filed on its face when Mr. McKeithan properly pleaded that he had met the "unknown facts" exception to the timeliness requirement under § 9545(b)(1)(ii)?
>
> III. Whether the PCRA Court abused its discretion in dismissing Mr. McKeithan's petition as untimely filed on its face without first granting leave for Mr. McKeithan to amend his pleadings under Pa.R.C.P. 905(A) and Pa.R.C.P. 907(1)?
>
> IV. Whether the PCRA Court abused its discretion in dismissing Mr. McKeithan's petition as untimely filed as a matter of fact without first holding an evidentiary

> hearing when Mr. McKeithan raised material issues of fact underlying his claim that met the government interference exception to the timeline requirement under § 9545(b)(1)(i)?
>
> V. Whether the PCRA Court abused its discretion in dismissing Mr. McKeithan's petition as untimely filed as a matter of fact without first holding an evidentiary hearing when Mr. McKeithan raised material issues of fact underlying his claim that met the "unknown facts" exception to the timeliness requirement under § 9545(b)(1)(ii)?

McKeithan's Br. at 2-3 (answers of trial court omitted).

We review the grant or denial of PCRA relief by determining "whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa.Super. 2018) (citations omitted).

A petitioner must file a PCRA petition within one year of the judgment of sentence becoming final. "A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). After the one-year deadline, a petitioner must plead and prove at least one of the time-bar exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). The exception must be raised within one year of the date that the claim could have been presented. *Id.* at § 9545(b)(2).[1]

Here, McKeithan's judgment of sentence became final on June 9, 1985, when the time to file a petition for allowance of appeal with our Supreme Court expired. *See id.* at § 9545(b)(3). Thus, the instant petition – which he filed 34 years after his judgment became final – is patently untimely.

McKeithan claims that he has satisfied the governmental interference time-bar exception based on "the new evidence provided by Jean Wilson and [] the new evidence provided by the [District Attorney's Conviction Integrity Unit ("CIU")]." McKeithan's Br. at 27. He alleges that her 2018 interview shows that she gave a statement to police exonerating him but that it was destroyed when the case file was destroyed, which he learned from the CIU. He maintains that this rises to the level of a *Brady* violation.[2]

To establish the governmental interference time-bar exception, McKeithan must show that the government interfered with his ability to raise a claim "in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S.A. § 9545(b)(1)(i).

---

[1] For claims raised prior to December 24, 2017, a petitioner must raise the exception within 60 days. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

Here, McKeithan's claim under the governmental interference time-bar fails. First, his claim of a **_Brady_** violation is one of speculation. In her statement to McKeithan's investigators, Wilson stated that she told the police that McKeithan did not rob the bar and was not in the bar. There is nothing in her statement suggesting that the police memorialized this into a written statement. Thus, McKeithan fails to show that his failure to raise his claim was a result of governmental interference.

Furthermore, his claim regarding potential exculpatory information in the police file is meritless as it is also speculative. McKeithan claims that it is not speculative because "the CIU has uncovered evidence of widespread **_Brady_** violations that generally plagued the Philadelphia police department during this time; and . . . new evidence was located in [McKeithan's] case by the CIU that gives weight to his specific **_Brady_** claim." McKeithan's Br. at 30. He also maintains that he did not have access to the information provided by the CIU before 2018. **_See id._**

McKeithan essentially asks us to assume misconduct occurred in his case because the CIU has found alleged misconduct in other cases. We cannot do as he asks. As the PCRA petitioner, McKeithan bears the burden of pleading and proving the applicability of a time-bar exception. Even accepting as true everything McKeithan has pleaded, for purposes of argument, his allegations of occurrences in other cases is insufficient to raise an inference that similar things happened in McKeithan's case. As the PCRA court concluded, McKeithan's suggestion that exculpatory information had to have been within

the police files that were destroyed is speculative. It does not satisfy the governmental interference time-bar exception.

McKeithan also claimed relief under the unknown fact time-bar exception. The "unknown facts" include Wilson's recantation, Harold's statement, and Fears' statement. **See** McKeithan's Br. at 35. Regarding his exercise of due diligence, McKeithan cites his *pro se* incarcerated status and argues that "the Pennsylvania Supreme Court has noted that incarcerated prisoners have a particular lack of access to public records and legal research that is relevant to timeliness inquiries." **Id.** at 22-23, 36, 38 (citing **Commonwealth v. Burton**, 158 A.3d 618, 637-38 (Pa. 2017)). We address each of McKeithan's suggested new facts separately.

To establish the unknown fact time-bar exception, McKeithan must show "(1) the facts upon which the claim [is] predicated were unknown and (2) could not have been ascertained by the exercise of due diligence." **Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007) (citing 42 Pa.C.S.A. § 9545(b)(1)(ii)). Due diligence does not require "perfect vigilance [or] punctilious care" but rather "reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief[.]" **Commonwealth v. Burton**, 121 A.3d 1063, 1071 (Pa.Super. 2015). "[T]he focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015) (citations and quotation marks omitted).

Here, the PCRA court concluded that McKeithan failed to satisfy the unknown fact exception because he failed to show his due diligence in obtaining the allegedly new facts. It concluded that he did not explain "what, if any steps he took to obtain these 'unknown facts'" from Fears, Wilson, or Harold. PCRA Ct. Op., filed 5/10/21, at 11. The PCRA court made note of McKeithan's "impressive aptitude at advancing multiple PCRA claims through multiple attorneys over the years." *Id.*

McKeithan's allegations were insufficient to establish his due diligence in attempting to obtain the "unknown facts" on which he relies. We address McKeithan's allegations regarding Wilson's, Harold's, and Fears' statements separately.

*Wilson's Recantation*

In her statement to McKeithan's investigators, Wilson recanted her trial testimony identifying McKeithan as one of the robbers the night of the crime. Her statement reads that "my testimony at trial was not correct. Dennis McKeithan was not in the Sweet Love Lounge that night. I did not see him during the robbery. He was not one of the robbers." McKeithan pleaded that he did not know of this recantation until his attorneys contacted Wilson in January 2018. He also explained that he initially was able to locate Wilson after contacting a parishioner of her church. However, his petition did not identify when he initially began his attempts at contacting Wilson.

*Harold's Statement*

In his statement, Harold alleged that McKeithan was not at the Sweet Love Lounge the night of the crime and was not one of the robbers. McKeithan alleged that he was not able to discover this information until his investigators contacted Harold after an intensive internet search. However, his petition did not allege when this search began.

*Fears' Statement*

In her statement, Fears stated that she may have been confused in identifying McKeithan as one of the robbers and that she assumed McKeithan was involved because that is what "everyone else was saying." McKeithan pleaded that he received this information after his attorneys contacted Fears in September 2019. However, his petition does not specify when he initially decided to seek out Fears.

As explained above, McKeithan failed to plead and prove his due diligence in uncovering these new facts to raise his claim under Section 9545(b)(1)(ii). Having failed to prove any time bar exception, his petition is patently untimely and the PCRA court did not err in dismissing the petition. Furthermore, because the petition is untimely, we do not address the merits of McKeithan's appellate claims. We affirm the order of the PCRA court dismissing the PCRA petition as untimely.

Order affirmed.

Judge Bowes joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/4/2022